IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  08-cv-00607-WYD-CBS

CHRISTINE E. HORTON,

      Plaintiff,

v.

SUNTRUST MORTGAGE, INC.,

      Defendant.

---

## ORDER OF REMAND

---

THIS MATTER is before the Court on the Notice of Removal (docket #1), filed March 24, 2008.  By way of background, this case arises from the cancellation of a homeowner's insurance policy by Western Mutual Insurance Company of Agoura Hills, California.  The Western Mutual insurance policy provided coverage for fire loss to Plaintiff's dwelling, personal property loss, and additional living expenses.  On March 30, 2006, Plaintiff's dwelling was heavily damaged by a fire.

On March 24, 2008, Defendant filed a notice of removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).  Defendant asserted therein that the amount in controversy requirement was satisfied.  Further, Defendant asserted that while Plaintiff is a citizen of the State of Colorado, the Defendant is a Virginia corporation, with its principal place of business in Richmond, Virginia.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendant to show that the amount in controversy is

satisfied.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted).  In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id*.  The removal statute is construed narrowly.  *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  I note that the only reference to any amount of claims in the state court complaint is a statement contained in the case caption which reads "[t]his case is NOT subject to the simplified procedures for court actions under Rule 16.1 because: Claims against any party exceed $100,000 . . . ."  Further, there is no reference to any damage amount in the body of the complaint itself.  In fact, the final paragraph of the complaint states that the Plaintiff prays for judgment in an amount to be determined at trial. (Compl. at 2.)  Thus, I turn to the notice of removal.  The notice of removal merely states that "Plaintiff claims damages exceeding One Hundred Thousand ($100,000.00) Dollars."  Notice of Removal ¶ 4.  That is the only allegation in the notice of removal regarding the amount in controversy.  I find that the Defendant has failed to meet its

burden of affirmatively establishing the amount in controversy on the face of either the petition or the notice of removal. The notice of removal's vague reference to the amount in controversy is not sufficient to establish that the jurisdictional amount is satisfied.

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the State Court. *See* 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the Arapahoe County Colorado District Court from which the case was removed.

Dated: April 1, 2008

<div style="margin-left:40%">

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge

</div>